Ruffin, C. J.
 

 As the bond was not put upon the record by oyer, nor its execution,; contents, or operation, put in issue by the plea of
 
 non est factum,
 
 the point decided could in no way arise. It was argued, indeed, that the bail bond was by law returned with the writ, and therefore, that it makes part of the record, which the plaintiff was obliged to produce under the issue on
 
 nul ticl record.
 
 But it has been expressly decided to the contrary.
 
 Mason
 
 v.
 
 Cooper,
 
 1 Law Repos. 472. So far from its being part of the record within that issue, the Act of 1777, Rev. Stat. ch. 10, s. 6, assumes that the plea must be
 
 non est factum,
 
 in order to put a bail bond -its' issue, and prohibits its admission unless upon affidavit of^in truth. If it formed part of the record, its execution could not be
 
 *174
 
 contested at all; and the consequence would be, that a person would be concluded by the return of the sheriff. It is not like the cases cited from the English Courts of
 
 nul tiel record
 
 pleaded to
 
 sciré facias
 
 on recognizance of bail; for the recognizance is a judicial act of record, but the bail bond is an act
 
 in pais
 
 by the sheriff. Such being the case there was no mode, in which the defendants could legally get .the bond before the Court on these pleadings. The plea, that the defendants were not the bail of James McNeill, is but collaterally traversing the operation of the deed, executed by the defendants themselves, which cannot be done ; for as the liability arises upon the deed, it is to be put in issue by the party upon
 
 non est factum
 
 only. On that plea, advantage may be taken of a variance in the'tenor or legal effect of the instrument from that stated in the pleadings.
 

 Of course under those circumstances it is unnecessary, if not improper, that the Court should discuss or decide on the correctness of the opinion given in the Superior Court.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.